Dear Representative Stanley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Can a bank legally withhold from the public information aboutpublic funds it holds in deposit?
¶ 1 The Oklahoma Open Records Act ("the Act"), 51 O.S. 1991 Supp. 2000, §§ 24A.1 — 24A.26, applies to the records of all "public bodies." Under the Act the term "public body" includes, but is not limited to:
 [A]ny office, department, board, bureau, commission, agency, trusteeship, authority, council, committee, trust or any entity created by a trust, county, city, village, town, township, district, school district, fair board, court, executive office, advisory group, task force, study group, or any subdivision thereof, supported in whole or in part by public funds or entrusted with the expenditure of public funds or administering or operating public property. . . .
51 O.S. Supp. 2000, § 24A.3[51-24A.3](2).
¶ 2 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jacksonv. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982) (footnote omitted). When the language of a statute "is plain and unambiguous and its meaning clear" rules of construction are not used, and the statute's "evident meaning must be accepted." Id.
at 29 (footnote omitted). Under the plain meaning of the statute, the statute applies only to defined "public bodies"[1] and not to private entities. Banks are not, under the above-quoted definition, "public bodies," and are therefore not subject to the disclosure provisions of the Act.[2] Therefore, a bank may withhold information about public funds deposited with the bank.
¶ 3 It is, therefore, the official Opinion of the AttorneyGeneral that:
The Oklahoma Open Records Act, 51 O.S. 1991 Supp. 2000, §§24A.1 -24A.26, applies to defined "public bodies." Banks arenot a "public body" as defined in the Act and are therefore notsubject to its disclosure requirements. A bank may withholdinformation from the public, about public funds it holds indeposit.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] The records of a public body are subject to the Open Records Act and, therefore, the information sought from a bank could be obtained from the public body.
[2] Although it is beyond the scope of this Opinion, Oklahoma case law suggests that banks are under an obligation to keep customer information confidential from non-governmental third parties. See Alva State Bank Trust Co. v. Dayton,755 P.2d 635, 636-37 (Okla. 1988); Djowharzadeh v. City Nat'l Bank Trust Co., 646 P.2d 616, 619 (Okla.Ct.App. 1982).
The Oklahoma Financial Privacy Act, 6 O.S. 1991 Supp. 2000, §§2201 — 2208, prohibits a financial institution from giving, releasing or disclosing any financial record to any "government authority" except with the consent of the customer or pursuant to a subpoena. 6 O.S. 1991, § 2203[6-2203].